UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ANDRE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00084-ACL |
| ) | |
| DAN REDINGTON, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of petitioner Andre Smith for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 4). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed.

### Background

Petitioner is a self-represented litigant who is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. On August 11, 2009, he was convicted by a jury of five counts of second degree statutory rape, and five counts of statutory sodomy. *State of Missouri v. Smith*, No. 08SL-CR08662-01 (21st Jud. Cir., St. Louis County).[1] He was sentenced to a total of fifteen years' imprisonment on September 18, 2009. Petitioner subsequently filed a notice of appeal. His conviction was affirmed on October 19, 2010. *State of Missouri v. Smith*, No. ED93838 (Mo. App. 2010).

---

[1] Petitioner's underlying state cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

On January 4, 2011, petitioner filed a postconviction motion pursuant to Missouri Supreme Court Rule 29.15. *Smith v. State of Missouri*, No. 11SL-CC00148 (21st Jud. Cir., St. Louis County). The motion was denied on June 30, 2011, and petitioner filed a notice of appeal. The denial of his Rule 29.15 motion was affirmed on April 24, 2012. *Smith v. State of Missouri*, ED97164 (Mo. App. 2012). The mandate was issued on May 17, 2012.

Over eight years later, on September 11, 2020, petitioner filed a motion to recall the mandate. The motion was denied on September 14, 2020.

Petitioner filed the instant action on December 2, 2020, by placing it in his prison's mailing system.[2]

**The Petition**

Petitioner's 28 U.S.C. § 2254 petition is handwritten on a Court-provided form. (Docket No. 1). The petition contains a single ground for relief, in which petitioner alleges that he is being held past his conditional release date, and that he should have been released on November 22, 2018. (Docket No. 1 at 4).

Attached to the petition are various exhibits, lettered "A" through "F." (Docket No. 1-3). The exhibits include a letter petitioner wrote to his institutional parole officer on September 29, 2020; a release decision by the Missouri Board of Probation and Parole, dated February 27, 2017; a memorandum by a Northeast Correctional Center records officer, dated October 5, 2020; a letter from the Office of the Attorney General, dated November 20, 2020; a copy of RSMo § 558.011; a "Notice of Entry" by the Missouri Supreme Court, indicating that petitioner's motion for recall of

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

mandate had been denied; a grievance appeal written by petitioner, dated July 20, 2020; and a grievance appeal response, dated November 5, 2020.

According to petitioner's own exhibits, his November 22, 2018 conditional release date was cancelled because he failed to complete the Missouri Sex Offender Program (MOSOP). (Docket No. 1-3 at 5). Petitioner was further advised that if he successfully completed the program, his file would be reviewed by the Board of Probation and Parole. The exhibits also show that petitioner learned that his conditional release date was cancelled on or about February 16, 2017. (Docket No. 1-3 at 7).

## Discussion

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2254, alleging that he has been wrongfully incarcerated past his conditional release date. For the reasons discussed below, the petition must be summarily dismissed.

### A. Failure to Allege a Constitutional Violation

Under 28 U.S.C. § 2254, a district court can only entertain a petition for writ of habeas corpus filed by a person in state custody "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a federal district court's power to review state convictions is limited. *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991). In particular, relief under § 2254 "is available only where errors of a constitutional magnitude have occurred." *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions," and that a federal court conducting habeas review "is limited to deciding whether a conviction violated the Constitution,

laws, or treaties of the United States"). To that end, petitioner is required to allege a constitutional violation in order to maintain a § 2254 petition.

With regard to conditional release, the United States Supreme Court has determined that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Nevertheless, a state's own "parole statutes and regulations may create a liberty interest that is entitled to due process protection." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). As to Missouri, the United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes do not create a liberty interest. *Id.* (explaining that "[t]his court has consistently held that the current Missouri statutes, standing alone, do not create a liberty interest protected by the due process clause of the Fourteenth Amendment"). *See also Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (stating that "our court has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions").

Here, petitioner's only ground for relief is that he has been held past his conditional release date, and that he should already have been released. As noted above, however, there is no constitutional right to be conditionally released before the expiration of a valid sentence. While a state's own statutes may create such a liberty interest, Missouri's statutes do not. To the contrary, the Missouri Board of Probation and Parole has "retained plenary discretion as to whether to issue a conditional release date." *See Rentschler v. Nixon*, 311 S.W. 3d 783, 788 (Mo. banc. 2010). Specifically, RSMo § 558.011.5 provides that "[t]he date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole."

4

The Court notes that petitioner has provided no other basis for a constitutional claim. For example, he has not presented any allegations indicating that the cancellation of his conditional release date was arbitrary, relied on false information, or otherwise violated due process. Rather, petitioner's own exhibits show that petitioner was denied conditional release because he had not successfully completed MOSOP. Completion of MOSOP is required before petitioner is eligible for parole or conditional release. *See* RSMo § 589.040.2 ("All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the [MOSOP program]…prior to being eligible for parole or conditional release").

"With the exception of due process claims, state prisoners' claims of error involving sentencing, parole, probation, and revocation of probation are matters governed by state law that are not cognizable in federal habeas proceedings." *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986). As previously discussed, petitioner's only ground for relief is his contention that he should have been released from custody on November 22, 2018, his conditional release date. However, petitioner does not have a constitutional right to conditional release, and he has not alleged facts establishing a violation of due process. In short, petitioner's 28 U.S.C. § 2254 petition does not show that he is being held in custody in violation of the constitution, laws, or treaties of the United States.

### B. Summary Dismissal

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must dismiss a 28 U.S.C. § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Here, it is plainly apparent that petitioner is not entitled to relief. His only ground for relief is that he was not conditionally released. Because he has no liberty interest in conditional release, however, petitioner's claim does

5

not implicate the constitution. As petitioner has not presented any constitutional basis for his 28 U.S.C. § 2254 petition, the petition must be dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### D. Motion to Appoint Counsel

Petitioner has filed a motion to appoint counsel. (Docket No. 2). The motion will be denied as moot as petitioner's 28 U.S.C. § 2254 petition is being dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 27th day of April, 2021.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE